IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KAIPO BIALOBAK,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>OAHU FBI, Form of Communication Software Department,<br><br>　　　　Defendant. | Civil No. 24-00432 MWJS-RT<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**INTRODUCTION**

On October 2, 2024, pro se Plaintiff Kaipo Bialobak filed a complaint against the "Oahu FBI, Form of Communication Software Department," which presumably is a reference to a component of the Federal Bureau of Investigation's Honolulu Field Office.  ECF No. 1.  Bialobak also applied to proceed in forma pauperis (IFP), that is, without prepayment of fees or security.  ECF No. 3.  In considering such an application, the Court must screen the complaint and, among other things, ensure that it states a claim upon which relief can be granted.

Because Bialobak has sufficiently demonstrated an inability to pay court fees, the Court GRANTS Bialobak's IFP application.  In its current form, however, Bialobak's complaint fails to state a claim for relief.  The Court therefore DISMISSES the complaint.  Bialobak is granted leave to amend, but must do so by November 20, 2024.

## DISCUSSION

A.     **Bialobak's In Forma Pauperis Application**

Under 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by persons who submit an affidavit demonstrating an inability to pay. Section 1915(a) does not require an IFP applicant to demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), but they must "allege poverty with some particularity, definiteness and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (cleaned up). An affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339).

The Court finds that Bialobak has made the required showing of an inability to pay under § 1915(a). In the IFP application, Bialobak states that Social Security Supplemental Security Income, totaling $761.00 a month, is Bialobak's only source of income. Bialobak further states that rent alone costs $700 a month, leaving only $61.00 to cover other living costs, such as food, clothing, and transportation. Bialobak attests to having only $21.00 in a checking account, and does not own any items or assets of value.

Based on the information Bialobak provided, the Court finds that Bialobak has demonstrated a current inability to pay court fees while still affording the necessities of life. The Court therefore GRANTS Bialobak's IFP application.

### B.     Screening of Bialobak's Complaint

Because Bialobak asks to proceed in forma pauperis, the Court must screen the complaint. *See* 28 U.S.C. § 1915(e)(2). Bialobak is a pro se litigant, and so the Court liberally construes the pleadings. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court is nonetheless required to dismiss claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Bialobak's complaint asserts a *Bivens* claim against the FBI office. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the Supreme Court recognized "a cause of action under the Fourth Amendment" for money damages against federal agents who had violated a plaintiff's civil rights. 403 U.S. 388, 389-90, 397 (1971). To state a plausible *Bivens* claim for damages, Bialobak must at a minimum allege facts showing that "(1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor." *Schulze v. Fed. Bureau of Prisons*, No. 20-00188, 2020 WL 2841882, at *2 (D. Haw. June 1, 2020).[1]

---

[1]     Even if these showings are made, a *Bivens* claim still will fail if the case presents "a new *Bivens* context" and "special factors" indicate that "the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (cleaned up). The Court has no occasion to consider these additional requirements, because as explained below, Bialobak has not met the more basic requirements of naming a proper defendant or sufficiently alleging a violation of constitutional rights.

In its current form, the complaint meets neither of these requirements. Taking the second part of the test first, Bialobak has not named a proper defendant. *Bivens* provides a cause of action against individual officers acting under color of federal law who have allegedly acted unconstitutionally. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). But it does not provide a cause of action against federal agencies. *See id.* at 72 (holding that a prisoner could not bring a "*Bivens* claim against the officer's employer, the United States, or the BOP," that is, the Bureau of Prisons). Bialobak's complaint only names the Oahu FBI as a defendant, which is not a proper defendant.[2]

Moreover, the complaint does not sufficiently allege a violation of Bialobak's constitutional rights. It claims that the Oahu FBI violated Bialobak's rights under the Fourth Amendment of the U.S. Constitution through "abuse and harassment." ECF No. 1, at PageID.3; *see* U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."). Bialobak alleges being "hit" by a "government machine that uses electricity waves and radio waves similar to the military's PAIN RAY machine" that caused Bialobak "a lot of pain." ECF No. 1, at PageID.4. These allegations do not state

---

[2] In describing the events that gave rise to the complaint, Bialobak names "GEORGE HANAWAHINE, JOHN CABATINGAN, BLANE REED, [and] DOSIK KIM." ECF No. 1, at PageID.4. But Bialobak does not allege that any of these individuals are FBI personnel or that any of them participated in the alleged violation of Bialobak's constitutional rights. Nor does he name them as defendants of this suit.

4

a plausible claim that any FBI official conducted a search or seizure at all, let alone an unreasonable search or seizure.

Because Bialobak's complaint does not name a proper defendant or plausibly allege a violation of constitutional rights, it is DISMISSED.

C.    **Leave to Amend the Complaint**

Although the Court dismisses the complaint, it recognizes that Bialobak is proceeding pro se and there is at least a possibility that Bialobak could cure the deficiencies.  *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (explaining that leave to amend should be considered, even in the face of "frivolous factual allegations," if it appears the allegations "could be remedied through more specific pleading"). Accordingly, the Court dismisses the complaint without prejudice and grants Bialobak leave to amend.  *See Watison*, 668 F.3d at 1117.

Any amended complaint—which should be titled "First Amended Complaint"—must be filed by November 20, 2024, and it must allege facts that make out a plausible claim for relief.  Bialobak is cautioned that failing to timely file an amended complaint that addresses the identified deficiencies will result in the automatic dismissal of this action.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the in forma pauperis application and DISMISSES the complaint without prejudice.

If Bialobak elects to file an amended complaint, they must comply with the following requirements:

(1) Bialobak's deadline to file an amended complaint is November 20, 2024;

(2) Bialobak's amended complaint should be titled "First Amended Complaint"; and

(3) Bialobak's complaint must cure the deficiencies identified above.

Failure to timely file an amended complaint that conforms with this Order will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: October 21, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 24-00432 MWJS-RT; *Kaipo Bialobak v. Oahu FBI*; ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND